REDMANN, Judge.
Plaintiffs, appealing from the dismissal of their suit for personal injuries, point out that their testimony that they were struck by an unmarked police car is supported by the testimony of four other witnesses. Plaintiffs’ testimony is also supported, indirectly, by the circumstance that they told the same story at the time of the occurrence, to the doctor who treated them in a hospital emergency room.
But their testimony is contradicted by the testimony of the police officer who was driving the car and, indirectly, by the testimony of the investigating police officer that the police car’s dustiness was undisturbed by any contact except at its right rear quarter panel. Most important, their story is inconsistent with, if not contradicted by, their physical injuries — none of which were to legs or lower torso where a car would have struck them. The injuries were cuts etc. to the head and abrasions to the chest, which are more consistent with the police driver’s testimony that the two plaintiffs were engaged in a fistfight. (The police driver also told his story at the time of the occurrence.)
We recognize the unlikelihood of plaintiffs’ and their witnesses’ all being perjurers or simply mistaken. But we also recognize the unlikelihood of an automobile-pedestrian collision’s producing no abrasion or other injury to erect pedestrians except at the level of the upper torso and head. (One plaintiff’s head wounds required, he said, 42 sutures.) We are unable to say the trial judge erred in evaluating the second unlikelihood as more unlikely than the first.
The judgment appealed from is therefore affirmed.